IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF OHIO

EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 1:22-CR-281 |
| | ) | |
| Plaintiff, | ) | JUDGE DONALD C. NUGENT |
| | ) | |
| v. | ) | |
| | ) | |
| RUEBEN SCHWARTZ, | ) | |
| | ) | |
| Defendant. | ) | |

**UNITED STATES' RESPONSE TO R. 94**

On October 30, 2024, defendant Rueben Schwartz, through counsel, filed R. 94; namely, "Motion to Amend Agreement and Order at Doc. #75." As set forth below, the United States respectfully submits by this Response that the motion should be held in abeyance by the Court pending further developments.

By the Preliminary Order of Forfeiture (R. 82), entered on July 31, 2024, the following property (among others) was initially forfeited to the United States - subject to the provisions of paragraph 4(C) of the order:

> 370 Under Ridge Road, Conneaut, Ashtabula County, Ohio; Permanent Parcel Numbers: 12-308-00-016-00 and 12-308-00-016-01. The property consists of a single family home on approximately 140 acres.

Among other things, paragraph 4(C)(a) of the Preliminary Order of Forfeiture permitted defendant Schwartz - until January 31, 2025 - to "attempt to sell the real [property] through a conventional (realtor) sale, by auction, or by private sale." The net proceeds of any such sale

would be applied to any remaining restitution amount ordered against defendant Schwartz *See*, R. 82: Preliminary Order of Forfeiture, paragraph 4(C)(h) (bullet 3).[1]

By the instant motion, defendant Schwartz seeks to amend "Doc. #75, to allow Mr. Schwartz to advertise for sale by auction, and then auction PPN 12-308-00-016-00 as a separate parcel from PPN 12-308-00-016-01." *See*, R. 94: Motion to Amend Agreement and Order at Doc. #75, at page 3.

As an initial matter, Doc. #75 (entitled Agreement and Order; Re: Interlocutory Sale of 3 Real Properties) no longer has any force and effect in the instant case. By its terms, the document was effective only through the date of entry of any guilty plea by Defendant. Particularly, paragraph 4(a) of Doc. #75 provided as follows: "This Agreement and Order is effective from the date of its approval, if any, by Judge Donald C. Nugent through the date of entry of any guilty plea by Defendant in N.D. Ohio Case No. 1:22-CR-281/conclusion of any trial in N.D. Ohio Case No. 1:22-CR-281." It is respectfully submitted that what Defendant is attempting to do through the instant motion is to amend the Preliminary Order of Forfeiture (R. 82), which incorporated the forfeiture agreements set forth in Defendant's written plea agreement.

With respect to the substance of the instant motion, the undersigned counsel sent the following e-mail to counsel for defendant Schwartz on Friday, November 1, 2024:

> Good afternoon. When you first raised this request with us, I met with the U.S. Marshals people here in Cleveland to get their view. Following that meeting, they ordered "net equity reports" for the two parcels. The prior report received by the USMS evaluated the approximately

---

[1] If Defendant fails to close on the sale of the real property by January 31, 2025, all right of Defendant to sell the property is extinguished and the property would be finally forfeited to the United States. In such event, the United States Marshals Service would take custody and control of the real property and would sell it in accordance with law. *See*, R. 82: Preliminary Order of Forfeiture, paragraph 4(C)(i).

140 acres as a whole. Since that time, I have been in periodic contact with the USMS about the progress of things. Following your recent communications, I intended to meet with the USMS again early next week. However, in light of your below e-mail, I met with them in person this morning. Although progress has been made, they have yet to receive separate and distinct appraisals for each of the two parcels. Again, the appraisal they have values the 140 acres as a whole.

Here is how we would like to proceed. At tomorrow's auction, PPN 12-308-00-016-00 and PPN 12-308-00-016-01 may be offered for sale as separate and distinct properties. However, paragraph 4(C)(b) of the Preliminary Order of Forfeiture would remain in full force and effect. That paragraph states: "Defendant shall notify the USAO of any offer received, including the proposed sale amount, the net proceeds to be realized from the sale, and the identity of the purchaser/actual purchaser. Any sale shall be subject to the prior approval of the USAO. Again, in exercising its discretion, the USAO will be guided by reasonable commercial standards and good faith. In connection with any sale, Defendant [agreed] to disclose to the USAO any additional commercial or financial arrangement(s) he may have with any buyer or affiliate of any buyer."

By this e-mail, the United States agreed to the sum and substance of that which is requested by defendant Schwartz in the instant motion. Therefore, the United States respectfully submits that the motion should be held in abeyance by the Court pending further developments with respect to the real properties.

        Respectfully submitted,

        Rebecca C. Lutzko
        U.S. Attorney, Northern District of Ohio

By:   /s/ James L. Morford        .
      James L. Morford (Ohio: 0005657)
      Assistant United States Attorney, N.D. Ohio
      Carl B. Stokes U.S. Court House
      801 West Superior Avenue, Suite 400
      Cleveland, Ohio 44113
      216.622.3743 / James.Morford@usdoj.gov